IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MILTON BUSBY,

    Petitioner,

v.

TIM BRUNSMAN, Warden,

    Respondent.

CASE NO. 2:09-CV-766
JUDGE WATSON
MAGISTRATE JUDGE E.A. PRESTON DEAVERS

## ORDER

This matter is before the Court on petitioner's motion for a stay. Doc. No. 15. Respondent opposes petitioner's request. Doc. No. 16. For the reasons that follow, petitioner's request for a stay, Doc. No. 15, is **DENIED**.

Petitioner seeks a stay of proceedings under Rule 8 of the Federal Rules of Appellate Procedure[1] because he currently has pending in the state courts an appeal of his re-

---

[1] Rule 8 of the Federal Rules of Appellate Procedure provides:

Stay or Injunction Pending Appeal

(a) Motion for Stay.

(1) Initial Motion in the District Court. A party must ordinarily move first in the district court for the following relief:

(A) a stay of the judgment or order of a district court pending appeal;

(B) approval of a supersedeas bond; or

(C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

(2) Motion in the Court of Appeals; Conditions on Relief. A motion for the relief mentioned in Rule 8(a)(1) may be made to the court of appeals or to one of its

sentencing.  However, as noted by respondent, Rule 8 is not applicable to this case.  In

> judges.
>
> (A) The motion must:
>
> (i) show that moving first in the district court would be impracticable; or
>
> (ii) state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action.
>
> (B) The motion must also include:
>
> (i) the reasons for granting the relief requested and the facts relied on;
>
> (ii) originals or copies of affidavits or other sworn statements supporting facts subject to dispute; and
>
> (iii) relevant parts of the record.
>
> (C) The moving party must give reasonable notice of the motion to all parties.
>
> (D) A motion under this Rule 8(a)(2) must be filed with the circuit clerk and normally will be considered by a panel of the court. But in an exceptional case in which time requirements make that procedure impracticable, the motion may be made to and considered by a single judge.
>
> (E) The court may condition relief on a party's filing a bond or other appropriate security in the district court.
>
> (b) Proceeding Against a Surety. If a party gives security in the form of a bond or stipulation or other undertaking with one or more sureties, each surety submits to the jurisdiction of the district court and irrevocably appoints the district clerk as the surety's agent on whom any papers affecting the surety's liability on the bond or undertaking may be served. On motion, a surety's liability may be enforced in the district court without the necessity of an independent action. The motion and any notice that the district court prescribes may be served on the district clerk, who must promptly mail a copy to each surety whose address is known.
>
> (c) Stay in a Criminal Case. Rule 38 of the Federal Rules of Criminal Procedure governs a stay in a criminal case.

some instances, a stay of habeas corpus proceedings may be appropriate, for instance, where the statute of limitations has expired or may bar the re-filing of a habeas corpus petition that has been dismissed as unexhausted, if petitioner can establish good cause for his failure to exhaust state court remedies and that his unexhausted claim(s) are potentially meritorious.  *Rhines v. Weber*, 544 U.S. 269 (2005).  Here, however, the record does not reflect that either of the claims presented by petitioner for federal habeas corpus review are unexhausted.  To the contrary, Respondent contends that Petitioner's claims should be denied on the merits.  *See Return of Writ*, at 10.  Further, petitioner has not requested leave to amend his petition to include any unexhausted claims.

Under these circumstances, the Court finds no basis for granting a stay of proceedings.  Petitioner's request for a stay (Doc. No. 15), therefore, is **DENIED**.

Petitioner may have thirty (30) days from the date of this Order to file his traverse/response to Respondent's Return of Writ.

**IT IS SO ORDERED.**

                                           */s/ Elizabeth A. Preston Deavers*
                                           Elizabeth A. Preston Deavers
                                           United States Magistrate Judge

Dated:  June 2, 2010