IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MILTON BUSBY,

    Petitioner,

v.

TIM BRUNSMAN, WARDEN,

    Respondent.

CASE NO. 2:09-CV-766
JUDGE MICHAEL H. WATSON
Magistrate Judge E.A. Preston Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant Petition, Respondent's *Return of Writ*, Petitioner's *Traverse*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> The following is a recitation of the facts relative to appellant's convictions, which were adduced at trial. Additional facts will be discussed as they concern each assignment of error. The victim in this case is R.B., appellant's minor daughter. In April 2005, R.B. was diagnosed with trichomonas, a sexually transmitted disease. [FN2] At the time, R.B. was 15 years old. When she learned of the diagnosis, R.B. told her mother that her father had been sexually abusing her for several years. Because of R.B.'s statements, Kerri Marshall ("Marshall"), a licensed social worker employed by the Child Assessment Center [FN3] interviewed R.B., while other evaluators, including Gail Hornor ("Hornor"), a pediatric nurse practitioner, watched on closed circuit television. During this interview, R.B. reported being raped by her father on numerous occasions. Hornor subsequently conducted a physical examination of R.B., finding no injuries or signs of past injuries.
> FN2. R.B.'s mother, as well as appellant, had been diagnosed with

and treated for trichomonas in the past.

FN3. Child advocacy centers, such as the Child and Family Advocacy Center at Children's Hospital, were established in 2005 by the adoption of R.C. 2151.425 through 2151.428. These statutes authorize collaboration between children services agencies, local law enforcement, prosecutors, and other appropriate entities through a memorandum of understanding. Local law enforcement and prosecutors are permitted to access information at the centers when investigating alleged abuse. This collaboration does not make the centers' employees agents of the police when providing services to alleged victims of sexual abuse.

Based on this information, appellant was indicted on ten counts of rape in violation of R.C. 2907.02, for incidents of vaginal and anal intercourse which occurred when R.B. was between four and 12 years old. The case was tried to a jury which found appellant guilty of seven counts of rape, but not guilty on the remaining three counts. After a pre-sentence investigation, the trial court gave appellant five sentences of ten years to life, with four of the sentences to be served concurrent to each other, and the fifth to be served consecutive to the others. On the two remaining counts, appellant was sentenced to two 10-year terms of imprisonment, to be served concurrently.

*State v. M.B.*, No. 08AP-169, 2009 WL 418768, at *1-4 (Ohio App. 10th Dist. Feb. 19, 009).

Petitioner filed a timely appeal in which he raised the following assignments of error:

> FIRST ASSIGNMENT OF ERROR: THE COURT IMPOSED SENTENCES ON COUNTS THREE THROUGH SIX IN EXCESS OF THOSE PROVIDED BY THE CONTROLLING STATUTES.
>
> SECOND ASSIGNMENT OF ERROR: APPELLANT WAS DENIED DUE PROCESS OF LAW AND MADE SUBJECT TO EX POST FACTO APPLICATION OF R.C. 2907.02(B) BY THE COURT'S REFUSAL TO INSTRUCT THE JURY IN ACCORDANCE WITH VERSIONS OF THE STATUTE IN FORCE AT THE TIMES SPECIFIED IN COUNTS ONE THROUGH SIX OF THE INDICTMENT.
>
> THIRD ASSIGNMENT OF ERROR: THE COURT ERRONEOUSLY REFUSED TO ORDER THE STATE MAKE A RECORDING OF THE VICTIM'S FORENSIC INTERVIEW

> AVAILABLE TO THE DEFENSE IN ADVANCE OF THE PRESENTATION OF EXPERT TESTIMONY BASED ON THAT INTERVIEW.
>
> FOURTH ASSIGNMENT OF ERROR: THE COURT ERRONEOUSLY ADMITTED STATE'S EXHIBITS ONE AND TWO.
>
> FIFTH ASSIGNMENT OF ERROR: APPELLANT'S CONVICTION FOR RAPE AS CHARGED IN COUNT TEN OF THE INDICTMENT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AS THE STATE FAILED TO ESTABLISH THE ELEMENTS OF FORCE, PENETRATION, AND THE AGE OF THE VICTIM.
>
> SIXTH ASSIGNMENT OF ERROR: APPELLANT'S CONVICTIONS ON COUNTS THREE, FOUR, FIVE, SIX, SEVEN AND NINE WERE NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE.
>
> SEVENTH ASSIGNMENT OF ERROR: THE COURT ERRONEOUSLY OVERRULED APPELLANT'S MOTIONS FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29.
>
> EIGHTH ASSIGNMENT OF ERROR: APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
>
> NINTH ASSIGNMENT OF ERROR: COUNSEL'S OMISSIONS IN PURSUING THE POST-VERDICT MOTIONS FOR ACQUITTAL AND FOR A NEW TRIAL, AND IN RELATION TO SENTENCING, DENIED APPELLANT HIS SIXTH AMENDMENT AND ARTICLE I, SECTION 10 RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

Id. at *1-10. On February 19, 2009, the appellate court remanded the case to the trial court for re-sentencing as follows:

> To summarize, we sustain appellant's first and fifth assignments of

> error, sustain in part and overrule in part appellant's sixth assignment of error, and overrule appellant's remaining assignments of error. Accordingly, appellant's convictions on counts seven, nine, and ten are reversed, and his convictions on counts three, four, five, and six are affirmed. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to that court to resentence appellant on counts three through six.

*Id*. at *11. On July 1, 2009, the Ohio Supreme Court dismissed Petitioner's subsequent appeal.

*State v. M.B,* 122 Ohio St.3d 1455 (2009).

> On remand, a different trial court judge sentenced appellant to consecutive prison terms of 10-25 years on counts three and four and ten years on counts five and six.
>
> Appellant appeals and assigns the following errors:
>
> FIRST ASSIGNMENT OF ERROR: IMPOSITION OF CONSECUTIVE SENTENCES WAS BEYOND THE TERMS OF REMAND BY THIS COURT.
>
> SECOND ASSIGNMENT OF ERROR: IMPOSITION OF A GREATER SENTENCE FOLLOWING REVERSAL CONSTITUTES A DENIAL OF DUE PROCESS.
>
> THIRD ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES WITHOUT MAKING STATUTORILY REQUIRED FINDINGS IN ACCORDANCE WITH R.C. 2929.14(E)(4).

*State v. Busby,* No. 09-AP-1119, 2010 WL 3722640, at *1 (Ohio App. 10th Dist. Sept. 23, 2010).

On September 23, 2010, the appellate court affirmed the trial court's judgment. *Id*. Petitioner did not file a timely appeal. It does not appear from the record that Petitioner has filed an appeal of the appellate court's decision to the Ohio Supreme Court.

On September 9, 2009, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Petitioner was deprived of due process of law by the entry of a judgment of conviction in the absence of sufficient competent, credible evidence to prove each essential element of each charged offense.
>
> 2. Petitioner was deprived of effective counsel as guaranteed by the Sixth and Fourteenth Amendments.

It is the position of the Respondent that Petitioner's claims are without merit.

## CLAIM ONE

In claim one, Petitioner asserts that the evidence was constitutionally insufficient to sustain his convictions on rape, as charged in Counts Three through Six. The state appellate court rejected Petitioner's claim as follows:

> Employing the sufficiency of the evidence standard set forth in our analysis of appellant's fifth assignment of error, we believe that the state presented sufficient evidence from which a jury could conclude, beyond a reasonable doubt, that appellant committed the rapes alleged in the above referenced counts. Rape is defined in R.C. 2907.02(A)(1) as "sexual conduct with another * * * less than thirteen years of age." R.C. 2907.02(A)(1)(b). The gravamen of appellant's argument is that the evidence adduced at trial did not correlate to the specific counts of the indictment, and, without evidence relating to exact dates and specific details relative to each count, there is no basis to support his convictions.
>
> At this juncture, we note the difficulties inherent in prosecuting cases of child abuse, especially cases involving a pattern of abuse occurring over years involving persons who reside in the same household. Often times, the victims are young and unable to remember exact

5

dates and times of particular events, particularly where the abuse is alleged to have occurred over an extended period of time, such as in the case at bar. See *State v. Mundy* (1994), 99 Ohio App.3d 275, 296, 650 N.E.2d 502. Further, the exact date and time is not an essential element of these offenses. *State v. Adams,* Erie App No. E-03-042, 2004-Ohio-4673, at ¶ 14. Thus, a reasonable degree of latitude and inexactitude is allowed with respect to the timing of the offense. It is sufficient to prove that the alleged offense occurred at or about the time charged. *State v. Reinhardt,* Franklin App. No. 04AP-116, 2004-Ohio-6443, at ¶ 20, citing *State v. Madden* (1984), 15 Ohio App.3d 130, 131, 472 N.E.2d 1126. The question presented by this assignment of error is whether or not the state presented sufficient evidence demonstrating that appellant engaged in sexual contact with R.B. within the period of time alleged in the various counts of the indictment.

In counts three and four, the state alleged that appellant engaged in vaginal and anal intercourse with R.B. between March 17, 1995 and March 17, 1996, when R.B. was between five and six years of age. R.B. testified that appellant began sexually abusing her when she was around five or six years old and was in kindergarten the first time he put his penis in her vagina. She believes the first incident took place when she was living at Bolivar Arms. R.B. testified to another incident during the time frame covered by these counts when appellant bought R.B. and her brother a meal at McDonald's and then took them back to his apartment. There, R.B. stated that she and her brother fell asleep, appellant woke her up and told her to come to his bedroom with him so that they could watch her favorite movie, "Pocahantas." During this incident, appellant inserted his penis into her vagina. With respect to the allegation that appellant had anal intercourse with R.B., she testified at trial that every time appellant had vaginal intercourse with her, he also had anal intercourse with her. Although there was conflicting testimony given by Marshall, such evidence has no bearing on the sufficiency of the evidence regarding the allegation. As set forth, this testimony is sufficient evidence for a trier of fact to find that appellant had sexual contact with R.B. as alleged in counts three and four.

In count five, the state alleged that appellant engaged in vaginal intercourse with R.B. between August 1, 1997 and June 1, 1999, when R.B. was between seven and nine years old. R.B. testified that when she was in either the second or third grade, she had a friend over to play. While her friend was downstairs watching television,

> R.B. was upstairs in appellant's bedroom and he inserted his penis into her vagina. R.B.'s testimony is sufficient evidence for a trier of fact to find that appellant had engaged in sexual conduct with her as alleged in count five.
>
> In count six, the state alleged that appellant engaged in vaginal intercourse with R.B. between February 1, 1998 and June 1, 2000, when R.B. was between eight and ten years of age. R.B. testified that that she was in either the fourth or the fifth grade when appellant had vaginal intercourse with her. She recalled the incident because she testified that the next day when she went to school she could not concentrate and was confused about what had happened the previous evening. R.B. also recounted that appellant had vaginal intercourse with her while watching a "South Park" movie. We find this testimony is sufficient evidence for a trier of fact to find that appellant had sexual contact with R.B. as alleged in count six.

*State v. M.B.*, 2009 WL 418768, at *6-8.

The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. § 2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Court of Appeals for the Sixth Circuit has summarized this standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from the Supreme Court's decisions but unreasonably applies it to the facts of the petitioner's case.

*Boykin v. Webb,* 541 F.3d 638, 642 (6th Cir. 2008) (quoting *Williams v. Taylor,* 529 U.S. 362 (2000)). Petitioner has failed to meet this standard here.

A criminal defendant may be convicted consistent with the United States Constitution only if the evidence is sufficient to justify a reasonable trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). To determine whether the evidence was sufficient to support a conviction, this Court must view the evidence in the light most favorable to the prosecution. *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson,* at 319.) The prosecution is not affirmatively required to "rule out every hypothesis except that of guilt." *Id.* (quoting *Jackson,* at 326). "[A] reviewing court 'faced with a record that supports conflicting inferences must presume– even if it does not appear on the record– that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " *Id.* (quoting *Jackson,* at 326).

As the Sixth Circuit has explained, "[i]n a habeas proceeding, however, we cannot simply conduct *de novo* review of the state court's application of [the *Jackson v. Virginia* ] rule, but must review its sufficiency-of-the-evidence decision under the highly deferential standard of the AEDPA." *Saxton v. Sheets,* 547 F.3d 597, 602 (6th Cir. 2008). "First, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson;* second, deference should be given to the [state] Court of Appeals' consideration of the trier-of-fact's verdict, as dictated by the AEDPA." *Tucker v. Palmer,* 541 F.3d 652, 656 (6th Cir. 2008). *See also Parker v. Renico,* 506 F.3d 444, 448 (6th Cir. 2007); *Nash v. Eberlin,* 258 Fed.Appx. 761, 765 (6th Cir. 2007). "[E]ven after AEDPA, [this Court] must 'distinguish reasonable speculation from sufficient evidence' when reviewing a state court's application of *Jackson."* *Smith v. Romanowski,* 341 Fed.Appx. 96, 102-03 (6th Cir. 2009) (Moore, J., dissenting) (*quoting Brown v. Palmer,* 441 F.3d 347, 352 (6th Cir. 2006).)

Petitioner argues that the State failed to present sufficient evidence differentiating the multiple charges against him. In *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005), the United States Court of Appeals for the Sixth Circuit granted habeas corpus relief on multiple identically-worded charges and evidence of sexual misconduct which provided the defendant with "little ability to defend himself," leaving him unable to identify what conduct he had been convicted of and subjecting him to the possibility of being punished multiple times for what may have been the same offense. Id. at 633. In *Valentine,* however, the minor victim did not testify as to specific acts on specific dates, but simply provided the jury with an estimate of how many times the defendant had either forced her to have intercourse or subjected her to sexual touching over the period of time covered by the indictment. Such testimony made it next to impossible to determine for what separate acts the defendant was convicted. As relief, rather than vacating all of the convictions, the Court

9

of Appeals affirmed the district court's decision not to vacate the conviction on the first of the twenty identical rape counts, and the first of the fifteen gross sexual imposition counts, reasoning that "[h]ad this case been tried in two counts, the convictions would clearly stand." *Id.* at 637.

Here, as discussed by the state appellate court, the charges, and evidence against Petitioner, as testified to by the alleged victim, were sufficiently differentiated so as to constitute separate acts. Moreover, and for the reasons detailed by the state appellate court, this Court agrees that, when viewing all of the evidence in the light most favorable to the prosecution, the evidence was constitutionally sufficient to sustain Petitioner's convictions.

Claim one is without merit.

## CLAIM TWO

In claim two, Petitioner asserts that he was denied the effective assistance of counsel. The state appellate court rejected this claim as follows:

> [A]ppellant asserts that his trial counsel was deficient with respect to her handling of his post-verdict motion for acquittal, and "identifying changes in the law over the period of the indictment as they related to sentencing." (Appellant's brief at 36.) In evaluating an ineffective assistance of counsel claim, we must employ the two-step process as described in *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. First, the court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client." *State v. Bradley* (1989), 42 Ohio St.3d 136, 141, 538 N.E.2d 373; *State v. Lytle* (1976), 48 Ohio St.2d 391, 396, 358 N.E.2d 623, vacated in part on other grounds, 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154. Second, the court must determine if prejudice resulted to the defendant from counsel's ineffectiveness. *Bradley,* at 141-142, 538 N.E.2d 373, citing *Lytle,* at 396-397, 358 N.E.2d 623. Prejudice exists where there is a reasonable probability that the trial result would have been different but for the alleged deficiencies of counsel. *Id.,* at paragraph three of the syllabus. Appellant bears the burden of proof and must show that "counsel's

> errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *State v. Colon,* Summit App. No. 20949, 2002-Ohio-3985, at ¶ 48, quoting *Strickland, supra*.
>
> As previously explained in resolving appellant's fifth, sixth, and eighth assignments of error, with the exception of counts seven, nine, and ten, we concluded that appellant's convictions on counts three, four, five, and six were supported by sufficient evidence and not against the manifest weight of the evidence. Thus, we fail to find that appellant's counsel was ineffective, and further note that our disposition of counts seven, nine, and ten do not serve as a basis for ineffective assistance. I n addition, given our disposition of appellant's first and second assignment of error, we likewise do not find that appellant's counsel was ineffective with respect to those issues. Thus, appellant's ninth assignment of error is overruled.

*State v. Busby*, 2009 WL 418768, at *10-11.

In *Strickland v. Washington*, the Supreme Court reiterated that the right to counsel guaranteed by the Sixth Amendment is the "right to effective assistance of counsel." 466 U.S. 668, 686 (1984.) To prevail on a complaint of ineffective assistance of counsel, a petitioner must demonstrate the following:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky,* 130 S.Ct.

1473, 1485 (2010). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. Both standards created by *Strickland* and § 2254(d) are "highly deferential." *Strickland*, 466 U.S. at 689. When *Strickland* and § 2254(d) "apply in tandem," review is "doubly" deferential. *Knowles v. Mirzayance*, 129 S.Ct., 1411, 1420 (2009).

Given the difficulties "inherent" the analysis of whether an attorney's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." *Strickland,* 466 U.S. at 687. Nevertheless, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 692. A petitioner, therefore, must show prejudice in order to prevail on a claim of ineffective assistance of counsel. *Id.* at 693.

To do so, a petitioner must demonstrate that a reasonable probability exists that, but for counsel's errors, the result of the proceedings would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because Petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, should the court determine that Petitioner has failed to satisfy one prong, it need not consider the other. *Id*. at 697.

Petitioner essentially argues he was denied effective assistance of counsel because his attorney performed in a constitutionally unreasonable manner in failing to obtain a judgment of acquittal on various charges in his indictment, for which the evidence was constitutionally insufficient and undifferentiated. As discussed by the state appellate court, several of these convictions were reversed on direct appeal. The evidence was constitutionally sufficient to sustain

the remainder of Petitioner's convictions. Petitioner, therefore, cannot establish prejudice, as that term is defined under *Strickland.*

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**PROCEDURE ON OBJECTIONS**

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                                     *s/ Elizabeth A. Preston Deavers*

                                                       **Elizabeth A. Preston Deavers**
                                                       **United States Magistrate Judge**

**Date: April 24, 2012**